**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170824-U

Order filed January 28, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0824 Circuit No. 17-CF-813 |
| KENNETH ODOM, | ) ) ) | Honorable Edward A. Burmila Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Presiding Justice Lytton and Justice Carter concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The matter is remanded so that defendant may file a motion in accordance with Supreme Court Rule 472.

¶ 2    Defendant, Kenneth Odom, appeals following his conviction for aggravated battery. He argues that the circuit court entered convictions on two counts of aggravated battery, when such counts should have merged at sentencing. He seeks vacatur of one of those convictions. We remand the matter so that defendant may file a motion in accordance with Illinois Supreme Court Rule 472 (eff. May 17, 2019).

¶ 3

¶ 4        On April 20, 2017, the State filed a criminal complaint charging defendant with two counts of "Aggravated Battery of a Senior Citizen (Class 3 Felony)." Count I alleged that defendant caused bodily harm to Carol Foster, who was 60 years of age or older, by punching her in the head. Count II alleged that defendant made physical contact of an insulting or provoking nature by punching Foster in the head. Both charges referenced "Section 5/12-3.05(a)(4) and (h)" of the Criminal Code of 2012 (Code) (720 ILCS 5/12-3.05(a)(4), (h) (West 2016)). A two-count indictment filed 13 days later adopted the same language and citations used in the criminal complaint.[1]

¶ 5        At defendant's first court appearance, the court informed him that he was charged with "aggravated battery of a senior citizen." The court added: "That's a Class Three Felony punishable by from two to ten years in the Illinois Department of Corrections."

¶ 6        At defendant's bench trial, both parties waived opening statements. Trial testimony from Foster, her friend, and police officers established that defendant struck Foster twice in her head. Foster suffered swelling and bruising around her eye and forehead. Defendant told officers that he had struck Foster. At trial, defendant denied punching Foster, but admitted that he "pushed her head."

¶ 7        In closing, the State argued that witness testimony and photographs of Foster's injuries satisfied the element of bodily harm. The defense argued that the evidence relating to Foster's injuries was inconsistent. The court found that defendant had not been credible, and announced: "[T]he defendant is convicted of both counts of the indictment."

---

[1]The docket entries relating to both the criminal complaint and the indictment state: "Statute 720 5/12-3.05(d)(1) Class 3."

¶ 8    At sentencing, the State requested that defendant be sentenced to "a reasonable amount of time in the Department of Corrections." The defense requested a term of conditional discharge. Neither the parties nor the court detailed the potential sentences for which defendant was eligible.

¶ 9    After taking the matter under advisement, the court sentenced defendant to a term of 30 months' probation and 180 days in jail, with credit for 228 days already served. The court did not reference the two counts against defendant, nor did it mention merger of sentences.

¶ 10    The written sentencing order indicated that defendant had been convicted of the offense of "Aggravated Battery in Violation of ILCS 720 5/12-3 [*sic*]." The sentencing order was a preprinted form, with "Aggravated Battery" and "720 5/12-3" having been handwritten over blanks. An accompanying order to provide genetic marker information also indicated, in handwriting, defendant had been convicted of aggravated battery under section 12-3 of the Code. The docket entry for the date of sentencing indicates that defendant was "advised of the minimum and maximum sentences available." It also states that "Counts I and II are to run concurrent."

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, defendant argues that the circuit court improperly entered convictions on both counts of aggravated battery. While defendant concedes that the evidence at trial showed that he struck Foster twice, he contends that the State failed to properly apportion the two strikes into distinct offenses, either in the charging instrument or at trial. Accordingly, defendant argues that one of the counts should have merged with the other, and only one conviction entered.

¶ 13    In response, the State argues that the court, did not, in fact, enter convictions on both counts of aggravated battery. It points out that the court entered only a single sentence of

3

probation, and neither the court's oral comments nor its written order mention a second, concurrent sentence. Alternatively, the State argues that two convictions would be proper in any event given the evidence in the case.

¶ 14    Our analysis must begin with the threshold question: Did the circuit court enter one or two convictions? After all, if the court, as the State argues, only entered a single conviction, defendant's argument is undermined in full.

¶ 15    At sentencing, the court stated only that it was imposing a sentence of probation, as well as a period of jail time already served. Defendant had been found guilty of two separate and distinct counts of aggravated battery. Accordingly, the court should have either pronounced two separate sentences (running concurrently) or stated that one offense would merge into the other. The court here did neither.

¶ 16    The written sentencing order filed in this case provides no clarification. Similar to the court's oral pronouncement, the written order simply makes no mention of the two separate counts under which defendant was found guilty. Further, the written order—as well as the accompanying order for provision of DNA—states that defendant was convicted under section 12-3 of the Code, which is the citation for simple or misdemeanor battery. 720 ILCS 5/12-3 (West 2016).

¶ 17    Illinois Supreme Court Rule 472(a)(4) (eff. May 17, 2019) provides:

> "[T]he circuit court retains jurisdiction to correct the following sentencing errors at any time following judgment ***:
>
> > (4) Clerical errors in the written sentencing order or other part of the record resulting in a discrepancy between the record and the actual judgment of the court."

4

Multiple such errors are present on the record before us. As explained above, the written sentencing order erroneously cites to the misdemeanor battery statute. The written sentencing order also fails to make any mention that defendant was found guilty on two counts. Further, the docket entries for sentencing indicate that defendant was "advised of the minimum and maximum sentences available[,]" though no such advisement is found in the report of proceedings. More importantly, the docket entry also states that "Counts I and II are to run concurrent[,]" though no such reference is found in the report of proceedings or the common law record. These are precisely the types of "discrepancy between the record and the actual judgment of the court" contemplated by Rule 472(a)(4).

¶ 18      Though not strictly under the ambit of Rule 472, we would be remiss if we did not mention another anomaly in the record of this case. For instance, the indictment charges defendant with the offense of "Aggravated Battery of a Senior Citizen," though no offense by that name exists under the Code. The aggravated battery statute, meanwhile, actually has two provisions related to offenses committed against persons age 60 or older. A person commits a Class 2 felony when, in committing a battery, they cause "great bodily harm or permanent disability or disfigurement to an individual 60 years of age or older." 720 ILCS 5/12-3.05(a)(4), (h) (West 2016). A person commits a Class 3 felony when they commit a battery against any person age 60 or older, without the additional element of great bodily harm. *Id.* §§ (d)(1), (h).

¶ 19      Confusingly, the indictment in this case, as well as the preceding criminal complaint, ostensibly charged defendant with a Class 3 felony, but cited to section 12-3.05(a)(4), the Class 2 version of the offense. The error is compounded by the fact that nowhere in the report of proceedings is there a record of the court detailing for defendant the elements of the offenses with which he was charged.

5

¶ 20 Illinois Supreme Court Rule 472(e) (eff. May 17, 2019) states:

> "In all criminal cases pending on appeal as of March 1, 2019, or appeals filed thereafter in which a party has attempted to raise sentencing errors covered by this rule for the first time on appeal, the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule."

While the present case was pending before this court on March 1, 2019, we recognize that defendant has not *explicitly* raised a sentencing error contemplated by the rule. His primary contention is merely that the court erred by entering two convictions. However, as the State asserts that the record demonstrates only one conviction being entered, the controversy necessarily turns on the oral pronouncement and written sentencing order—both of which were silent regarding the number of convictions—and the docket entries, which reflect two, concurrent sentences. This is a discrepancy in the record which the circuit court retains jurisdiction to correct. Ill. S. Ct. R. 472(a)(4) (eff. May 17, 2019).

¶ 21 Accordingly, we remand the matter pursuant to Rule 472(e). On remand, defendant is allowed, if he so chooses, to file a motion under Rule 472(a)(4) seeking correction of the discrepancy between the circuit court's written sentencing order and the docket. If the court's corrected order indicates that two convictions and sentences are entered against defendant, defendant should be allowed to appeal. Only at that time would we address defendant's present argument on its merits.

¶ 22                                        III. CONCLUSION

¶ 23 The matter is remanded to the circuit court of Will County.

¶ 24 Remanded.